IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action |
| DEDRIC DUNCAN, | ) ) | No. |
| Defendant. | ) ) | |

# COMPLAINT

This action is related to an action between the same parties, Civil Action No. 1:16-cv-0504-SCJ (the "Prior Action"), which was settled in May 2016, and subsequently closed by this Court. Defendant Dedric Duncan ("Duncan" or "Defendant") has materially breached the parties' Confidential Settlement Agreement and Release (the "Settlement Agreement"), and failed to cure that breach within the time period allowed under the Settlement Agreement after proper notice from Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a EasyBit ("EasyBit" or "Plaintiff"). (A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "A").[1]

---

[1] The "Confidentiality" provision of the Settlement Agreement has an express exception "to enforce this Agreement." (Settlement Agreement, § 28).

As part of the Settlement Agreement, Defendant agreed to and executed a Final Consent Order and Judgment to be entered by this Court in the event that he failed to timely cure a breach of the Settlement Agreement. (A true and correct copy of the Final Consent Order and Judgment is attached hereto as Exhibit "B"). Plaintiff brings this action to enforce the Settlement Agreement by asking the Court to enter the Final Consent Order and Judgment to which Defendant has agreed.

## I.     JURISDICTION, PARTIES, AND VENUE

1.     This Court has jurisdiction over the subject matter of this action and Defendant pursuant to the express terms of the Final Consent Order and Judgment. (Final Consent Order and Judgment, ¶¶ 1-2).

2.     Venue for this action lies in this judicial district and division pursuant to the express terms of the Final Consent Order and Judgment. (*Id.*, ¶ 3).

3.     EasyBit is a Nevada limited liability company, with its headquarters located in the State of Colorado. No member of EasyBit or EasyBit's parent entity is a citizen of the State of Georgia.

4.     Duncan is a citizen of the State of Alabama. Upon information and belief, Duncan can be served with process in Jefferson County, Alabama at 2412 2nd Ave. N, Apt. 4, Birmingham, Alabama 35203, or wherever he may be found.

## II.     RELEVANT FACTUAL BACKGROUND

5.     Easybit filed the Prior Action on February 17, 2016.

6.     The Settlement Agreement was entered into on or about May 17, 2016.

7.     The Settlement Agreement requires Duncan to "pay to EasyBit the total sum of Forty-Five Thousand Dollars ($45,000.00) (the "Settlement Payment") in forty-five (45) equal installments (an "Installment" or the "Installments") of One Thousand Dollars ($1,000.00)." (Settlement Agreement, § 3). After the initial Installment, "the remaining Installments shall be made on or before the first business day of each successive month beginning in June 2016 (i.e., the second Installment must be made on or before Wednesday, June 1, 2016, the third Installment must be made on or before Friday, July 1, 2016, etc.) until Monday, December 2, 2019." (*Id.*).

8.     The Settlement Agreement expressly provides that "[e]ach of the Installments shall be made by the prescribed date, time being of the essence as to those dates and specific Installments." (*Id.*).

9.     An "Event of Default" occurs under the Settlement Agreement upon "[t]he failure of Duncan to pay any Installment required by this Agreement in full when due that is not cured within seven (7) calendar days after written notice

(including notice by email to Duncan's email address listed below with a copy to Duncan's counsel).") (*Id.* at § 9(a)).

10.　Easybit's remedy upon an Event of Default (the "Remedy upon Default") is clearly set forth in the Settlement Agreement:

> Upon an Event of Default, Duncan shall immediately owe and be liable to EasyBit for the total sum of $100,000.00 (which is substantially less than the amount of damages that EasyBit seeks to recover in the [Prior] Action) minus whatever portion of the Settlement Payment Duncan has paid up to the date of the Event of Default (the "Remaining Balance"). Upon his execution of this Agreement, Duncan shall also execute a Consent Judgment, in the form attached hereto as Exhibit "D," which entitles EasyBit, upon an Event of Default, to a judgment against Duncan for the Remaining Balance, plus its attorneys' fees and costs to have the Consent Judgment filed and entered. The Consent Judgment shall be enforced in the United States District Court for the Northern District of Georgia.

(*Id.* at § 10).

11.　Duncan paid the first four Installments in a timely manner, but thereafter has repeatedly failed to do so. For example, Duncan delayed until: (i) September 7, 2016 to pay his September 1, 2016 Installment; (ii) October 6, 2016 to pay his October 1, 2016 Installment; (iii) November 7, 2016 to pay his November 1, 2016 Installment; (iv) December 8, 2016 to pay his December 1, 2016 Installment, and; (v) January 13, 2017 to pay his January 1, 2017 Installment. (*See* Declaration

of Michael J. Dupree, Jr. ("Dupree Decl.") at ¶ 6, a true and correct copy of which is attached hereto as Exhibit "C").

12. Fed up with this serial delinquency, when Duncan failed to pay the next Installment by February 1, 2017, Easybit sent a written notice of default to Duncan on February 8, 2017 pursuant to Sections 9(a) of the Settlement Agreement. Par for the course, Duncan waited the entire 7-day cure period before paying the February 1 Installment on February 15. (*Id*. at ¶ 7).

13. Duncan's games continued. He forced Easybit to send written notices of default for the Installments that were due by March 1, 2017 and April 1, 2017 as well, and made these payments on the very last day of the respective cure periods. (*Id*. at ¶ 8).

14. The jig ran out for Duncan when he also missed the deadline for the May 1, 2017 Installment. After not receiving this payment during business hours on May 1, 2017, Easybit sent him a written notice of default (the "May 1 Notice of Default"). (*Id*. at ¶ 9). (In addition to being attached to the Dupree Decl., a true and correct copy of the May 1 Notice of Default is attached hereto as Exhibit "D").

15. The May 1 Notice of Default complied with the notice requirements in the Settlement Agreement. Moreover, Duncan's attorney, Blake Liveoak,

acknowledged receipt of the May 1 Notice of Default approximately two (2) hours after it was sent to Duncan. (*Id.* at ¶ 10).

16. The 7-day cure period set forth in the Settlement Agreement expired on May 8, 2017, or, since Easybit sent the May 1 Notice of Default after business hours, at the latest on May 9. Either way, an Event of Default occurred because Duncan failed to pay the May 1 Installment by the close of business on May 9, 2017. (*Id.* at ¶ 11).

17. Duncan has paid Thirteen Thousand Dollars ($13,000) to Easybit under the Settlement Agreement. (*Id.* at ¶ 12).

18. Therefore, pursuant to the Settlement Agreement and the Final Consent Order and Judgment, Duncan now owes Eighty-Seven Thousand Dollars ($87,000) to Easybit ($100,000 minus $13,000). (Final Consent Order and Judgment, ¶ 4; *see also* Settlement Agreement, § 10).

19. Under the Settlement Agreement and the Final Consent Order and Judgment, Duncan "is also liable to Plaintiff for the costs of collection, including reasonable attorneys' fees, associated with exercise of Plaintiff's Remedy upon Default," in an amount to be proven by Plaintiff in a subsequent filing. (Final Consent Order and Judgment, ¶ 5; *see also* Settlement Agreement, § 10).

## III.   CAUSES OF ACTION

### COUNT ONE
### (Breach of Contract)

20. EasyBit incorporates by reference the above paragraphs.

21. In the Final Consent Order and Judgment, Duncan agreed that, upon an Event of Default, he would be "liable to Plaintiff in the total principal amount of … the equivalent of the agreed upon sum of One Hundred Thousand Dollars ($100,000), less any payments made pursuant to the parties Confidential Settlement Agreement and Release prior to an Event of Default[]." (Final Consent Order and Judgment, ¶ 4; *see also* Settlement Agreement, § 10).

22. As detailed above, Duncan materially breached the Settlement Agreement by failing to pay the May 1, 2017 Installment.

23. An Event of Default occurred when Duncan failed to timely cure that material breach of the Settlement Agreement after proper notice through the May 1 Notice of Default.

24. EasyBit has performed all of its obligations under the Settlement Agreement.

25. To date, Duncan has paid Thirteen Thousand Dollars ($13,000) to Easybit under the Settlement Agreement.

7

26. Pursuant to the Settlement Agreement and the Final Consent Order and Judgment, Easybit is entitled to damages in the amount of Eighty-Seven Thousand Dollars ($87,000), plus the costs of collection, including reasonable attorneys' fees, associated with exercise of Plaintiff's Remedy upon Default, in an amount to be proven by Plaintiff in a subsequent filing.

## PRAYER FOR RELIEF

EasyBit specifically requests as follows:

a. that the Court enter judgment against Duncan for Eighty-Seven Thousand Dollars ($87,000), plus the costs of collection, including reasonable attorneys' fees, associated with exercise of Plaintiff's Remedy upon Default; and

b. that the Court grant and award EasyBit such other and further relief against Duncan to which it is entitled.

Respectfully submitted this 15th day of May, 2017.

**TAYLOR ENGLISH DUMA LLP**

*/s/Michael Eric Ross*
Michael Eric Ross
GA Bar No. 615190
Eric S. Fisher
GA Bar No. 250428
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone: (770) 434-6868

Facsimile: (770) 434-7376
mross@taylorenglish.com
efisher@taylorenglish.com

*Counsel for Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a EasyBit*