IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WAH SING (US) TRADING
LIMITED, LLC D/B/A EASYBIT,

    Plaintiff,

v.

DEDRIC DUNCAN,

    Defendant.

CIVIL ACTION NO.
1:17-CV-1751-SCJ

## ORDER

This matter is before the court on a *sua sponte* review of subject matter jurisdiction. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.").

A review of the record shows that Plaintiff filed this action in federal court on May 15, 2017, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Doc. No. [1], p. 2, ¶ 1. Plaintiff Wah Sing (US) Trading Limited, LLC is a limited liability company; however, there is no listing of the members of the LLC. The jurisdictional statement in the Complaint states: "[Plaintiff] is a Nevada limited liability company, with its headquarters located in the State of Colorado. No member of [Plaintiff] or [Plaintiff's] parent entity is a citizen of the State of Georgia." Doc. No. [1], p. 2, 3.

AO 72A
(Rev.8/82)

Under § 1332, a district court has jurisdiction only if the parties are citizens of different states and the amount in controversy exceeds $75,000. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Because Plaintiff filed this action in federal court, it has the burden "to demonstrate that diversity exists by a preponderance of the evidence." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011).

The allegations in the Complaint fail to meet Plaintiff's burden to demonstrate that this Court has diversity jurisdiction in that Plaintiff does not list the citizenship of the members of the Defendant LLC. "A limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). **"To sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenship of all the members of the limited liability compan[ies]."** Id. (emphasis added). Without knowing the citizenship of the members of the LLC, a court cannot determine whether diversity jurisdiction is proper. See also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011) (directing the removing defendant to "not only identify its members and their respective citizenship, but . . . also trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be").

In addition, a recent opinion by the Eleventh Circuit Court of Appeals holds that stating in a removal petition that "a Georgia limited liability company, has no members that are citizens of either Minnesota or Delaware" does "not sufficiently allege [the limited liability company's] citizenship." <u>Purchasing Power, LLC v. Bluestem Brands, Inc.</u>, 851 F.3d 1218, 1222 & 1226 (11th Cir. 2017). As stated above, in the case *sub judice*, in the Complaint, Plaintiff states that "No member of [Plaintiff] or [Plaintiff's] parent entity is a citizen of the State of Georgia." Doc. No. [1], p. 2, 3. Such is not sufficient in light of the ruling in the <u>Purchasing Power</u> case.

To this regard, Plaintiff is ordered to **SHOW CAUSE** through an amended complaint (that corrects the above-stated deficiencies) as to why this action should not be dismissed for lack of subject matter jurisdiction no later than **5 p.m., June 23, 2017.**

IT IS SO ORDERED, this 31st day of May, 2017.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE