# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT, ) ) ) | |
| Plaintiff, ) ) | |
| ) | Civil Action |
| DEDRIC DUNCAN, ) ) | No. 1:17-CV-1751-SCJ |
| Defendant. ) | |

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a Easybit ("Plaintiff" or "Easybit"), and files this Brief in Support of Its Motion for Summary Judgment against Defendant Dedric Duncan ("Defendant" or "Duncan"), showing the Court as follows:

## I.   INTRODUCTION

This case could not be more simple or straightforward. Easybit and Duncan entered into a Confidential Settlement Agreement and Release (the "Settlement Agreement") that required Duncan to make certain payments to Easybit. (A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "A").[1]

---

[1] The "Confidentiality" provision of the Settlement Agreement has an express exception "to enforce this Agreement." (Settlement Agreement, § 28).

As part of the Settlement Agreement, Duncan agreed to and executed a Final Consent Order and Judgment to be entered by this Court in the event that he failed to timely cure a breach of the Settlement Agreement. (A true and correct copy of the Final Consent Order and Judgment is attached hereto as Exhibit "B"). As detailed below, it cannot seriously be disputed that Duncan breached the terms of the Settlement Agreement, and then failed to cure his breach in the manner permitted under the Settlement Agreement. Therefore, Easybit is entitled to have this Court enter the Final Consent Order and Judgment against Duncan.

## II.     STATEMENT OF FACTS[2]

This action is related to an action between the same parties, Civil Action No. 1:16-cv-0504-SCJ (the "Prior Action"), which was settled in May 2016, and subsequently closed by this Court. Easybit filed the Prior Action on February 17, 2016, and the Settlement Agreement was entered into on or about May 17, 2016.

The Settlement Agreement requires Duncan to pay to Easybit "the total sum of Forty-Five Thousand Dollars ($45,000.00) (the "Settlement Payment") in forty-five (45) equal installments (an "Installment" or the "Installments") of One

---

[2] As is shown in Plaintiff's Statement Of Undisputed Material Facts As To Which No Genuine Issue Remains To Be Tried, the material facts in this litigation are relatively few in number and cannot, in good faith, be controverted. But Easybit provides some additional background for the convenience of the Court and to help put these undisputed material facts in context.

2

Thousand Dollars ($1,000.00)." (Settlement Agreement, § 3). After the initial Installment, "the remaining Installments shall be made on or before the first business day of each successive month beginning in June 2016 (i.e., the second Installment must be made on or before Wednesday, June 1, 2016, the third Installment must be made on or before Friday, July 1, 2016, etc.) until Monday, December 2, 2019." (*Id.*). The Settlement Agreement expressly provides that "[e]ach of the Installments shall be made by the prescribed date, time being of the essence as to those dates and specific Installments." (*Id.*).

An "Event of Default" occurs under the Settlement Agreement upon "[t]he failure of Duncan to pay any Installment required by this Agreement in full when due that is not cured within seven (7) calendar days after written notice (including notice by email to Duncan's email address listed below with a copy to Duncan's counsel)." (*Id.* at § 9(a)). Easybit's remedy upon an Event of Default (the "Remedy upon Default") is clearly set forth in the Settlement Agreement:

> Upon an Event of Default, Duncan shall immediately owe and be liable to EasyBit for the total sum of $100,000.00 (which is substantially less than the amount of damages that EasyBit seeks to recover in the [Prior] Action) minus whatever portion of the Settlement Payment Duncan has paid up to the date of the Event of Default (the "Remaining Balance"). Upon his execution of this Agreement, Duncan shall also execute a Consent Judgment, in the form attached hereto as Exhibit "D," which entitles EasyBit, upon an Event of Default, to a judgment against Duncan for the Remaining Balance, plus its attorneys' fees and costs to have the Consent

> Judgment filed and entered. The Consent Judgment shall be enforced in the United States District Court for the Northern District of Georgia.

(*Id*. at § 10).

Duncan paid the first four Installments in a timely manner, but thereafter has repeatedly failed to do so. For example, Duncan delayed until: (i) September 7, 2016 to pay his September 1, 2016 Installment; (ii) October 6, 2016 to pay his October 1, 2016 Installment; (iii) November 7, 2016 to pay his November 1, 2016 Installment; (iv) December 8, 2016 to pay his December 1, 2016 Installment, and; (v) January 13, 2017 to pay his January 1, 2017 Installment. (*See* Declaration of Michael J. Dupree, Jr. ("Dupree Decl.") at ¶ 6, a true and correct copy of which is attached to Plaintiff's Statement of Undisputed Facts As To Which No Genuine Issue Remains To Be Tried as Exhibit "A").

Fed up with this serial delinquency, when Duncan failed to pay the next Installment by February 1, 2017, Easybit sent a written notice of default to Duncan on February 8, 2017 pursuant to Sections 9(a) of the Settlement Agreement. Par for the course, Duncan waited the entire 7-day cure period before paying the February 1 Installment on February 15. (*Id*. at ¶ 7).

Duncan's games continued. He forced Easybit to send written notices of default for the Installments that were due by March 1, 2017 and April 1, 2017 as

well, and made these payments on the very last day of the respective cure periods. (*Id*. at ¶ 8).

Duncan also missed the deadline for the May 1, 2017 Installment. After not receiving this payment during business hours on May 1, 2017, Easybit sent him a written notice of default (the "May 1 Notice of Default"). (*Id*. at ¶ 9). The May 1 Notice of Default complied with the notice requirements in the Settlement Agreement. Moreover, Duncan's attorney, Blake Liveoak, acknowledged receipt of the May 1 Notice of Default approximately two (2) hours after it was sent to Duncan. (*Id*. at ¶ 10).

The 7-day cure period set forth in the Settlement Agreement expired on May 8, 2017, or, since Easybit sent the May 1 Notice of Default after business hours, at the latest on May 9. Either way, an Event of Default occurred because Duncan failed to pay the May 1 Installment by the close of business on May 9, 2017. (*Id*. at ¶ 11). The May 1 Installment was not paid until May 11, 2017. (*Id*. at ¶ 12).

Duncan has paid Thirteen Thousand Dollars ($13,000) to Easybit under the Settlement Agreement, including the May 1 Installment. (*Id*. at ¶ 12). Therefore, pursuant to the Settlement Agreement and the Final Consent Order and Judgment, Duncan now owes Eighty-Seven Thousand Dollars ($87,000) to Easybit ($100,000 minus $13,000). (Final Consent Order and Judgment, ¶ 4; *see also* Settlement

Agreement, § 10). Under the Settlement Agreement and the Final Consent Order and Judgment, Duncan "is also liable to Plaintiff for the costs of collection, including reasonable attorneys' fees, associated with exercise of Plaintiff's Remedy upon Default," in an amount to be proven by Plaintiff in a subsequent filing. (Final Consent Order and Judgment, ¶ 5; *see also* Settlement Agreement, § 10).

### III.   ARGUMENT AND CITATION OF AUTHORITY

#### A.   <u>Legal Standard</u>

> Summary judgment is appropriate when the moving party establishes that, based upon the evidence presented, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he requirement that a dispute be 'genuine' means simply that there must be more than some metaphysical doubt as to the material facts." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986) (citations and internal quotation marks omitted).

*Caradigm USA LLC v. PruittHealth, Inc.*, C.A. No. 1:15-CV-2504-SCJ, 2017 U.S. Dist. LEXIS 85869, at *13 (N.D. Ga. May 30, 2017) (quoting *Dean—Mitchell v. Reese*, 837 F.3d 1107, 1111-12 (11th Cir. 2016)).[3]

---

[3] "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

"The moving party bears the initial burden of showing, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial." *Steed v. Equifax Info. Servs., LLC*, C.A. No. 1:14-CV-0437-SCJ, 2016 U.S. Dist. LEXIS 185258, at *5 (N.D. Ga. Aug. 31, 2016) (citing *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004)). "The moving party's burden is discharged merely by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

If the moving party meets its initial burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the nonmoving party is not entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations. *Id.* Under this framework, "[t]here is no 'genuine [dispute] for trial' when the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Steed*, 2016 U.S. Dist. LEXIS 185258 at *5 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Duncan has either admitted or not genuinely disputed all of the material factual allegations made by Easybit. Summary judgment in favor of Easybit is consequently warranted here.

### B. Duncan Is Liable to Easybit for Breach of Contract as a Matter of Law

The Georgia Code defines a contract as "an agreement between two or more parties for the doing or not doing of some specified thing." O.C.G.A. § 13-1-1. It is well-established in Georgia that the elements for a breach of contract claim are the (1) breach, and then the (2) resultant damages (3) to the party who has the right to complain about the contract being broken. *See*, *e.g.*, *Niloy & Rohan, LLC v. Sechler*, 335 Ga. App. 507, 510 n.4, 782 S.E.2d 293 (2016). To collect on a claim for breach of contract, the plaintiff must first prove liability and then the amount to which he is entitled. *See*, *e.g.*, *Bennett v. Assoc. Food Stores*, 118 Ga. App. 711, 714-15, 165 S.E.2d 581, 584-85 (1968). There is no question Easybit is entitled to summary judgment for Duncan's uncured breach of the Settlement Agreement.

To begin with, Duncan admits many of the core facts. Specifically, he admits:

- that the Settlement Agreement was entered into with Easybit on or about May 17, 2016 (Answer and Defenses of Dedric Duncan to Plaintiff's Complaint (the "Answer") (Dkt. 7), ¶ 6);

- the material terms of the Settlement Agreement, including as to the amount of the payments he was required to make, when the payments were to be made, that time was of the essence as to the payments, and what constituted an "Event of Default" under the Settlement Agreement (*id.*, ¶¶ 7-9); and

- that, upon an Event of Default, he shall immediately owe and be liable to Easybit for the total sum of One Hundred Thousand Dollars ($100,000), minus whatever payments he made up to the date of the Event of Default (*id.*, ¶ 10).

Next, the evidence of Duncan's liability is ironclad. EasyBit has unequivocally shown that:

- he missed the deadline for the May 1, 2017 Installment;
- Easybit sent him a written notice of default; and
- an Event of Default occurred because Duncan failed to pay the May 1, 2017 Installment by the close of business on May 9, 2017.

(*See* Plaintiff's Statement of Undisputed Facts As To Which No Genuine Issue Remains To Be Tried ¶¶ 8-13).

Finally, the amount of damages to be awarded to Easybit is no less uncontroverted. Duncan admits that he paid Easybit only $13,000 under the Settlement Agreement (Answer, ¶ 17), which by any measure leaves him on the

9

hook for $87,000 upon an Event of Default. (*Id*., ¶ 10). Further, by acknowledging the terms of the Settlement Agreement, Duncan can hardly deny he is also obligated to reimburse Easybit for its attorneys' fees and other costs incurred in this enforcement action.

## IV.  CONCLUSION

For all of the above and foregoing reasons, Easybit respectfully requests that its Motion for Summary Judgment be granted in its entirety and that Easybit be awarded a judgment over and against Duncan as follows:

- compensatory damages of $87,000;
- the costs of collection, including reasonable attorneys' fees, in an amount to be proven in a subsequent filing; and
- post-judgment interest at the maximum rate allowed by law.

Respectfully submitted, this 19th day of June, 2017.

                                        /s/ Michael Eric Ross
                                        Ga. Bar No.: 615190
                                        Eric S. Fisher
                                        Ga. Bar No.: 250428
                                        TAYLOR ENGLISH DUMA LLP
                                        1600 Parkwood Circle, Suite 400
                                        Atlanta, GA  30339
                                        Telephone: (678) 336-7234
                                        Facsimile: (770) 434-7376
                                        mross@taylorenglish.com
                                        efisher@taylorenglish.com

                                        *Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT, ) ) ) | |
| Plaintiff, ) ) | Civil Action |
| DEDRIC DUNCAN, ) ) | No. 1:17-CV-1751-SCJ |
| Defendant. ) | |

**CERTIFICATE OF COMPLIANCE WITH LR 5.1C**

I HEREBY CERTIFY, in accordance with LR 7.1D, that I prepared the foregoing in Times New Roman, 14-point font, as approved by LR 5.1C.

/s/ Michael Eric Ross
Michael Eric Ross
Ga. Bar No.: 615190
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone: (678) 336-7234
Facsimile: (770) 434-7376
mross@taylorenglish.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT,** ) ) ) | |
| **Plaintiff,** ) ) | |
| ) | Civil Action |
| **DEDRIC DUNCAN,** ) | No. 1:17-CV-1751-SCJ |
| ) | |
| **Defendant.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT was filed with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to all counsel of record.

This 19th day of June, 2017.

/s/ Michael Eric Ross
Michael Eric Ross
Ga. Bar No.: 615190