**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **WAH SING (US) TRADING** | ) | |
| **LIMITED, LLC D/B/A EASYBIT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action** |
| **DEDRIC DUNCAN,** | ) | **No. 1:17-CV-1751-SCJ** |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AS**
**TO WHICH NO GENUINE ISSUE REMAINS TO BE TRIED**

COMES NOW Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a Easybit ("Plaintiff" or "Easybit"), and pursuant to Local Rules of the Northern District of Georgia, Rule 56.1(B) files this Statement Of Undisputed Material Facts As To Which No Genuine Issue Remains To Be Tried as follows:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.      Easybit and Defendant Dedric Duncan ("Defendant" or "Duncan") entered into a Confidential Settlement Agreement and Release (the "Settlement Agreement") on or about May 17, 2016.[1] (Plaintiff's Amended Complaint ("Am. Compl.") (Dkt. 5), ¶ 6, Exh. A; Answer and Defenses of Dedric Duncan to

---

[1] The "Confidentiality" provision of the Settlement Agreement has an express exception "to enforce this Agreement." (Settlement Agreement, § 28).

Plaintiff's Complaint ("Answer") (Dkt. 7), ¶ 6; Declaration of Michael J. Dupree, Jr. ("Dupree Decl."), ¶ 3 (the Dupree Decl. is attached hereto as Exhibit "A")).

2.     The Settlement Agreement requires Duncan to pay to Easybit "the total sum of Forty-Five Thousand Dollars ($45,000.00) (the "Settlement Payment") in forty-five (45) equal installments (an "Installment" or the "Installments") of One Thousand Dollars ($1,000.00)." (Am. Compl., ¶ 7; Answer, ¶ 7; Dupree Decl., ¶ 4).

3.     After the initial Installment, "the remaining Installments shall be made on or before the first business day of each successive month beginning in June 2016 (i.e., the second Installment must be made on or before Wednesday, June 1, 2016, the third Installment must be made on or before Friday, July 1, 2016, etc.) until Monday, December 2, 2019." (*Id*.). (Am. Compl., ¶ 7; Answer, ¶ 7; Dupree Decl., ¶ 4).

4.     The Settlement Agreement expressly provides that "[e]ach of the Installments shall be made by the prescribed date, time being of the essence as to those dates and specific Installments." (Am. Compl., ¶ 8; Answer, ¶ 8).

5.     An "Event of Default" occurs under the Settlement Agreement upon "[t]he failure of Duncan to pay any Installment required by this Agreement in full when due that is not cured within seven (7) calendar days after written notice

2

(including notice by email to Duncan's email address listed below with a copy to Duncan's counsel)." (Am. Compl., ¶ 9; Answer, ¶ 9; Dupree Decl., ¶ 5).

6.     Easybit's remedy upon an Event of Default (the "Remedy upon Default") is clearly set forth in the Settlement Agreement:

> Upon an Event of Default, Duncan shall immediately owe and be liable to EasyBit for the total sum of $100,000.00 (which is substantially less than the amount of damages that EasyBit seeks to recover in the [Prior] Action) minus whatever portion of the Settlement Payment Duncan has paid up to the date of the Event of Default (the "Remaining Balance"). Upon his execution of this Agreement, Duncan shall also execute a Consent Judgment, in the form attached hereto as Exhibit "D," which entitles EasyBit, upon an Event of Default, to a judgment against Duncan for the Remaining Balance, plus its attorneys' fees and costs to have the Consent Judgment filed and entered. The Consent Judgment shall be enforced in the United States District Court for the Northern District of Georgia.

(Am. Compl., ¶ 10; Answer, ¶ 10).

7.     Duncan paid the first four Installments in a timely manner, but thereafter has repeatedly failed to do so. (Am. Compl., ¶ 11; Dupree Decl., ¶ 6; Supplemental Declaration of Michael J. Dupree, Jr. ("Supp. Dupree Decl."), ¶ 2, Attachments 1-2 (the Supp. Dupree Decl. is attached hereto as Exhibit "B")).

8.     Duncan missed the deadline for the May 1, 2017 Installment. (Am. Compl., ¶ 14; Dupree Decl., ¶ 9; Supp. Dupree Decl., ¶ 4, Attachments 1-2).

9.     After not receiving this payment during business hours on May 1, 2017, Easybit sent Duncan a written notice of default (the "May 1 Notice of Default"). (Am. Compl., ¶ 14; Dupree Decl., ¶ 9, Attachment 1).

10.    Duncan's Alabama attorney, Blake Liveoak, acknowledged receipt of the May 1 Notice of Default approximately two (2) hours after it was sent to Duncan. (*Id.* at ¶ 10). (Am. Compl., ¶ 15; Answer, ¶ 15; Dupree Decl., ¶ 10, Attachment 2).

11.    The 7-day cure period set forth in the Settlement Agreement expired on May 8, 2017, or, since Easybit sent the May 1 Notice of Default after business hours, at the latest on May 9. (Am. Compl., ¶ 16; Dupree Decl., ¶ 11).

12.    An Event of Default occurred because Duncan failed to pay the May 1 Installment by the close of business on May 9, 2017. (Am. Compl., ¶ 16; Dupree Decl., ¶ 11; Supp. Dupree Decl., ¶ 5, Attachments 1-2).

13.    The May 1 Installment was not paid until May 11, 2017. (Dupree Decl., ¶ 12; Supp. Dupree Decl., ¶ 6, Attachment 2).

14.    Duncan has paid Thirteen Thousand Dollars ($13,000) to Easybit under the Settlement Agreement, including the May 1 Installment. (Am. Compl., ¶ 17; Answer, ¶ 17; Dupree Decl., ¶ 12; Supp. Dupree Decl., ¶ 3, Attachments 1-2).

4

15.     Under the Settlement Agreement and the Final Consent Order and Judgment, Duncan "is also liable to Plaintiff for the costs of collection, including reasonable attorneys' fees, associated with exercise of Plaintiff's Remedy upon Default. (Am. Compl., ¶ 19).

Respectfully submitted, this 19th day of June, 2017.

/s/ Michael Eric Ross
Ga. Bar No.: 615190
Eric S. Fisher
Ga. Bar No.: 250428
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA  30339
Telephone: (678) 336-7234
Facsimile: (770) 434-7376
mross@taylorenglish.com
efisher@taylorenglish.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **WAH SING (US) TRADING** | ) | |
| **LIMITED, LLC D/B/A EASYBIT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action** |
| **DEDRIC DUNCAN,** | ) | **No. 1:17-CV-1751-SCJ** |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF COMPLIANCE WITH LR 5.1C

I HEREBY CERTIFY, in accordance with LR 7.1D, that I prepared the

foregoing in Times New Roman, 14-point font, as approved by LR 5.1C.

/s/ Michael Eric Ross
Michael Eric Ross
Ga. Bar No.: 615190
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone: (678) 336-7234
Facsimile:  (770) 434-7376
mross@taylorenglish.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **WAH SING (US) TRADING** | ) | |
| **LIMITED, LLC D/B/A EASYBIT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action** |
| **DEDRIC DUNCAN,** | ) | **No. 1:17-CV-1751-SCJ** |
| | ) | |
| **Defendant.** | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AS TO WHICH NO GENUINE ISSUE REMAINS TO BE TRIED was filed with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to all counsel of record.

This 19th day of June, 2017.

/s/ Michael Eric Ross
Michael Eric Ross
Ga. Bar No.: 615190