IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WAH SING (US) TRADING ) <br> LIMITED, LLC D/B/A EASYBIT, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> DEDRIC DUNCAN, ) <br> ) <br> Defendant. ) | Civil Action No.1:17-CV-1751-SCJ |

## DEDRIC DUNCAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**COME NOW DEFENDANT DEDRIC DUNCAN** in the above-styled action and files this his Opposition to the Motion for Summary Judgment filed by the Plaintiff. In support thereof, Mr. Duncan states the following:

### JURISDICTION, PARTIES AND VENUE

1. This Court has subject matter jurisdiction over the subject matter of this action pursuant to the express terms of the Final Consent Order and Judgment.

2. Venue in this action lies in the judicial district and division pursuant to the express terms of the Final Consent Order and Judgment.

3. Mr. Duncan over the age of 19 and a resident of the State of Alabama.

4. Allegedly, Wah Sing Trading Limited is alleged a Chinese company that is wholly owned by Mike Dupree, Jr. but, is also the sole member of Easy Bit.

## PLAINTIFF'S STATEMENT OF FACTS

1. Mr. Duncan does not agree with Plaintiff's Statement of Facts. Specifically, Mr. Duncan disputes that he received a Notice of Default on May 1, 2017 that complied with the requirements of the Settlement Agreement. (Ex. 1) and (Ex. 3).

2. Mr. Duncan also disputes that the email from T. Blake Liveoak attached as an exhibit to the affidavit of Mr. Dupree was an acknowledgement of receiving the Notice of Default. In fact, the email from T. Blake Liveoak was simply requesting that all correspondence and filings regarding this matter be forwarded to T. Blake Liveoak because Mr. Lober was no longer representing Mr. Duncan. (Ex. 1) and (Ex. 3).

3. T. Blake Liveoak was not provide with a copy of the May 1, 2017 Default Notice on the same day it was issued. Furthermore, T. Blake Livoeak challenges Plaintiff or his counsel to produce and file with this Court an email or any other correspondence from either Mr. Dupree or Plaintiff's counsel to T. Blake Liveoak from May 1, 2017. None exist and, this is the very reason that they were not filed with evidence with the Court. (Ex. 1).

## MR. DUNCAN'S STATEMENT OF FACTS

1. In the matter of a default, the Settlement Agreement at issue in this matter requires notice to both Mr. Duncan and his counsel.  (Ex. 3 at paragraph 9(b)).

2. Michael Lober has not represented or communicated with Dedric Duncan for the entire 2017 calendar year.  Furthermore, he has never forwarded a Notice of Default to Mr. Duncan or discussed the ramifications of defaulting.  (Ex. 1).

3. On May 1, 2017, Michael Dupree was notified that all correspondence or Court filings regarding the Settlement Agreement be forwarded to T. Blake Liveoak.  (Ex. 1)(Ex. 2).

4. However, T. Blake Livoeak never received a Notice of Default regarding the Settlement Agreement on May 1, 2017 via email, certified mail, United States Mail or by any other means.  (Ex. 1 and Ex. 3).  Mr. Duncan challenges Plaintiff or his counsel to produce any evidence other than the self serving affidavit of Mr. Dupree to support this fraudulent allegation.

3

5. Any assertion that T. Blake Liveoak was provided with a Notice of Default on May 1, 2017 is nothing more than a blatant attempt to mislead this Honorable Court.

6. Even though Mr. Duncan may have received a Notice of Default on May 1, 2017, the Notice of Default did not comply with the notice terms of the Settlement Agreement since a copy was not provided to Mr. Duncan's counsel, Mr. Liveoak.  (Ex. 1) and (Ex. 3).

7. Thus, Mr. Duncan has never breached the Settlement Agreement since the notice provided failed to abide by the terms of said Settlement Agreement.  *(Id)*.

8. Further, Plaintiff has violated the paragraph 28, the Confidentiality provision of the Settlement Agreement by having someone who is not a party to this matter of counsel to provide Mr. Duncan with the Notices of Default.

## ARGUMENT

**I.  Plaintiff failed to adhere to the notice requirements of the Settlement Agreement and, therefore, Mr. Duncan was not in breach of the Settlement Agreement when he made the May of 2017 payment on May 10, 2017.**

In this matter, it is undisputed that Mr. Duncan has made the required payment to Mr. Dupree each and every month and has not missed a single payment. Furthermore, it is undisputed that the May 2017 payment was made on May 10, 2017.

It is also undisputed that the Settlement Agreement requires that Mr. Duncan and his attorney receive a written Notice of Default. Upon receipt of the required notice to Mr. Duncan and his attorney, Mr. Duncan has 7 days upon which to cure said default.

However, here, there is no evidence that Mr. Duncan's attorney ever received the Notice of Default. In fact, a close examination of the Notice of Default reveals that Mr. Lober and not Liveoak was copied on the Notice. (Ex. 4). Furthermore, Plaintiff has not offered any evidence to establish the fraudulent assertion that Liveoak ever received written Notice of Default on May 1, 2017. There is not a single email, facsimile transmission, certified mail receipt or any other evidence that Liveoak was ever provided with a written Notice of Default by

either Mr. Dupree or Plaintiff's counsel until the present matter was initiated. Until written notification of Mr. Duncan's default was provided to Liveoak, the 7 day time period for Mr. Duncan to cure said default does not even begin to run per the express terms of the Settlement Agreement.  Also, since the 7 day time period would not begin to run until Liveoak received written notice, Mr. Duncan was not in default or violation of the Settlement Agreement when he made the May 2017 payment on May 10th.   Therefore, Plaintiff's Motion for Summary Judgment is due to be denied and, Plaintiff's Complaint is due to be dismissed.

**WHEREORE**, Defendant Dedric Duncan prays that this Honorable Court deny the Summary Judgment Motion filed by Plaintiff and enter an Order accordingly.

Respectfully Submitted,

/s/T. Eric Ponder, Esquire
T. Eric Ponder, Esquire
Attorney for Dedric Duncan.

**OF COUNSEL:**

T. Eric Ponder, P.C.

3130 S. Martin St., Suite 100

East Point, GA  30344

(404) 295-5980

ericponderlaw@gmail.com

                                     s/T. Blake Liveoak LIV014

                                      Attorney for Dedric Duncan

OF COUNSEL:

T. BLAKE LIVEOAK ATTORNEY AT LAW

1117 22nd Street South

Birmingham, Alabama  35205

Email:        bliveoaklaw@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Defendant's Answer and Defenses was served by electronic means using CM/ECF to the following counsel of record on this the 11th day of July, 2017:

Michael Eric Ross, Esquire
GA Bar No. 615190
Eric S. Fisher. Esquire
GABarNo.250428
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
mross@taylorenglish.com
efisher@taylorenglish.com

                                                   .S./ T. Eric Ponder, Esquire
                                                 Of Counsel