IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WAH SING (US) TRADING ) <br> LIMITED, LLC D/B/A EASYBIT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEDRIC DUNCAN, ) <br> ) <br> Defendant. ) | Civil Action <br> No. 1:17-CV-1751-SCJ |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's Order of November 14, 2017 (Dkt. 19), Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a Easybit ("Plaintiff" or "Easybit") hereby submits its Reply Brief in Support of Plaintiff's Motion for Summary Judgment. (Dkt. 8). Although the Court allowed Defendant Dedric Duncan ("Defendant" or "Duncan") to file an untimely response to EasyBit's summary judgment motion, Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 13) ("Def. Opp.") does not come close to saving Duncan from having summary judgment entered against him in this case.

To begin with, Duncan has failed to respond to Plaintiff's Statement of Undisputed Material Facts As to Which No Genuine Issue Remains to Be Tried ("Pl. SUMF") (Dkt. 8-4) as is required by LR 56.1.B(2)(a). As a result, each of

EasyBit's numbered undisputed material facts is deemed to be admitted by Duncan. *See* LR 56.1(B)(2)(a)(2). On their face, these undisputed material facts entitle EasyBit to summary judgment on its breach of contract claim against Duncan. *See* Plaintiff's Brief in Support of Its Motion for Summary Judgment. (Dkt. 8-1).[1]

Even if the Court were to overlook Duncan's total disregard of this Local Rule, which it should not, he seeks to avoid summary judgment solely by contending that the notice of default of the Settlement Agreement that EasyBit emailed to him on May 1, 2017 (the "Notice of Default") (Dkt. 5-3 at 8-9) did not

---

[1] While Duncan alleges that he paid the May 1, 2017 installment in issue under the parties' Confidential Settlement Agreement and Release (the "Settlement Agreement") (Dkt. 5-1) on May 10, 2017 (Affidavit of Dedric Duncan ("Duncan Aff.") at 2) (Dkt. 13-1 at 3), the wire transfer record for this payment, which Duncan has not contested, establishes that it was not made until May 11, 2017. (Supplemental Declaration of Michael Dupree ¶ 6) (Dkt. 8-6 at 3 and 9). However, whether it was on May 10 or May 11, 2017 does not matter since the seven day cure period permitted in the Settlement Agreement expired no later than May 9, 2017 (Pl. SUMF ¶ 11) (Dkt. 8-4 at 4), and the Settlement Agreement cautions in Section 3 that "[e]ach of the Installments shall be made by the prescribed date, ***time being of the essence*** as to those dates and specific Installments." (Dkt. 5-1 at 4) (emphasis added).

comply with the notice provisions of the Settlement Agreement. (Def. Opp. at 2).[2] Duncan could not be more wrong.

Under Section 14(b) of the Settlement Agreement ("Section 14(b)"), the Notice of Default was to be sent by email and/or U.S. Mail to Duncan with a copy to Michael Lober ("Lober"), who was his counsel in the prior action that was resolved by the Settlement Agreement. (Dkt. 5-1 at 8). The Notice of Default irrefutably did so. (Dkt. 5-3 at 8-9).

Nonetheless, Duncan argues that the copy of the Notice of Default ought to have gone to T. Blake Liveoak ("Liveoak"), his attorney in this lawsuit, rather than to Lober because "[b]y May 1, 2017, Mr. Lober was no longer representing me in regard to this matter or any other." (Duncan Aff. at 2) (Dkt. 13-1 at 3). But even if this purported change of counsel occurred, even Duncan does not, and cannot,

---

[2] Duncan additionally alleges that "Plaintiff has violated paragraph [sic] 28, the Confidentiality provision of the Settlement Agreement by having someone who is not a party to this matter of [sic] counsel to provide Mr. Duncan with the Notices of Default." (Def. Opp. at 4). Not only does Duncan then ignore this allegation in the Argument section of his Opposition, but it is nonsensical. Section 28 of the Settlement Agreement has an express exception "to enforce this Agreement." Further, the Notice of Default was emailed to Duncan by Michael Dupree ("Dupree"), who is the owner of the sole member of EasyBit (Amended Complaint ¶ 3) (Dkt. 5) and, in this capacity, signed the Settlement Agreement on behalf of EasyBit. (Dkt. 5-1 at 12). Put simply, who could be more authorized than Dupree to send the Notice of Default to Duncan.

allege that he ever notified EasyBit of it at any time prior to the Notice of Default. Certainly neither the Settlement Agreement nor the law obligates EasyBit to be clairvoyant as to whom Duncan wants copies of notices to him to be sent if not to Lober as called for in Section 14(b).

Duncan fares no better in pointing to Liveoak's email to Dupree on May 1, 2017. (Def. Opp. at 3). It stated in full:

> Michael:
>
> In the future, please forward all correspondence as well as any documents that are filed with the Court in regards to the settlement with Dedric Duncan to me. I appreciate your attention to this matter and have a good day.

(Dkt. 5-3 at 11).

Nothing in this email suggests that Lober no longer represents Duncan or requests that Liveoak be substituted for Lober in Section 14(b). Indeed, the email does not satisfy the counterpart requirements for notice to EasyBit in Section 14(a) of the Settlement Agreement in that it is not copied to EasyBit's counsel. (Dkt. 5-1 at 7).[3] In any event, it is undisputed that this email was sent to Dupree ***approximately two hours after the Notice of Default was emailed to Duncan and Lober.*** (Declaration of Michael Dupree ¶10) (Dkt. 5-3 at 5). Moreover, the timing

---

[3] The email also is not sent to the email address for Dupree set out in Section 14(a).

of the email implicitly shows that Liveoak was fully aware of the Notice of Default on May 1, 2017.

By any measure, consequently, Duncan's claim that the Notice of Default "did not comply with the notice terms of the Settlement Agreement since a copy was not provided to Mr. Duncan's counsel, Mr. Liveoak" (Def. Opp. at 4) rings hollow. And Duncan does not oppose Plaintiff's Motion for Summary Judgment on any other putative ground. It is therefore past time to hold him accountable for his material breach of the Settlement Agreement in accordance with its terms and conditions.

Accordingly, for the reasons stated above and in its principal brief, Easybit respectfully requests that its Motion for Summary Judgment be granted in its entirety and that Easybit be awarded a judgment over and against Duncan as follows:

- compensatory damages of $87,000;
- the costs of collection, including reasonable attorneys' fees, in an amount to be proven in a subsequent filing; and
- post-judgment interest at the maximum rate allowed by law.

Respectfully submitted, this 20th day of November, 2017.

                                       */s/ Michael Eric Ross*
                                       Ga. Bar No. 615190
                                       Eric S. Fisher
                                       Ga. Bar No. 250428
                                       TAYLOR ENGLISH DUMA LLP
                                       1600 Parkwood Circle, Suite 400
                                       Atlanta, GA  30339
                                       Telephone: (678) 336-7234
                                       Facsimile: (770) 434-7376
                                       mross@taylorenglish.com
                                       efisher@taylorenglish.com

                                       *Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | **Civil Action** |
| DEDRIC DUNCAN, | ) ) | **No. 1:17-CV-1751-SCJ** |
| Defendant. | ) | |

## CERTIFICATE OF COMPLIANCE WITH LR 5.1C

I HEREBY CERTIFY, in accordance with LR 7.1D, that I prepared the foregoing in Times New Roman, 14-point font, as approved by LR 5.1C.

>  */s/ Michael Eric Ross*
> Michael Eric Ross
> Ga. Bar No. 615190
> TAYLOR ENGLISH DUMA LLP
> 1600 Parkwood Circle, Suite 400
> Atlanta, GA 30339
> Telephone: (678) 336-7234
> Facsimile:  (770) 434-7376
> mross@taylorenglish.com
>
> *Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| | ) | Civil Action |
| **DEDRIC DUNCAN,** | ) ) | No. 1:17-CV-1751-SCJ |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT was filed with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to all counsel of record.

This 20th day of November, 2017.

/s/ Michael Eric Ross
Michael Eric Ross
Ga. Bar No. 615190