IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT,<br><br>　　　Plaintiff,<br><br>v.<br><br>DEDRIC DUNCAN,<br><br>　　　Defendant. | CIVIL ACTION NO.<br>1:17-CV-1751-SCJ |

## ORDER

This matter appears before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. [8]).

## I. FACTUAL BACKGROUND

On May 15, 2017, Plaintiff, Wah Sing (US) Trading Limited, LLC d/b/a Easybit (hereinafter "Easybit"), filed a Complaint against Defendant, Dedric Duncan (hereinafter "Duncan"), alleging breach of (and failure to cure) the parties' Settlement Agreement. Doc. No. [1].[1] "Plaintiff brings this action to enforce the Settlement Agreement by asking the Court to enter the Final Consent Order and Judgment to which Defendant has agreed." Id. at p. 2.

---

[1] In subsequent pleadings, certain paragraphs of the Complaint were amended to account for jurisdictional deficiencies. Doc. Nos. [5], [17]. The operative/substantive allegations of the Complaint are found in Doc. No. [1].

Plaintiff Easybit and Defendant Duncan entered into a Confidential Settlement Agreement and Release on or about May 17, 2016.[2] The Settlement Agreement requires Duncan to pay to Easybit "the total sum of Forty-Five Thousand Dollars ($45,000.00) (the "Settlement Payment") in forty-five (45) equal installments (an "Installment" or the "Installments") of One Thousand Dollars ($1,000.00)." Doc. No. [8-2], p. 3, ¶ 3. After the initial Installment, "the remaining Installments shall be made on or before the first business day of each successive month beginning in June 2016 (i.e., the second Installment must be made on or before Wednesday, June 1, 2016, the third Installment must be made on or before Friday, July 1, 2016, etc.) until Monday, December 2, 2019." Id. The Settlement Agreement expressly provides that "[e]ach of the Installments shall be made by the prescribed date, time being of the essence as to those dates and specific Installments." Id.

---

[2] The Court derived the applicable facts from the Plaintiff's Statement of Undisputed Material Facts (Doc. No. [8-4]) and Defendant's Statement of Facts (Doc. No. [13]). Plaintiff argues that Defendant failed to respond to its Statement of Facts; however, Defendant did include a page in its opposition brief (at Doc. No. [13], p. 2) titled "Plaintiff's Statement of Facts," which the Court deems a response. Defendant's response is, however, procedurally improper as the Defendant's three numbered responses do not correspond to each of Plaintiff's fifteen numbered facts in accordance with Local Rule 56.1(B)(2). Pursuant to Local Rule 56.1(B)(2)(a)(2), the Court has deemed admitted all of Plaintiff's facts that Defendant failed to directly refute with concise responses supported by specific citations to evidence.

AO 72A
(Rev.8/82)

An "Event of Default" occurs under the Settlement Agreement upon "[t]he failure of Duncan to pay any Installment required by this Agreement in full when due that is not cured within seven (7) calendar days after written notice(including notice by email to Duncan's email address listed below with a copy to Duncan's counsel)." Doc. No. [8-2], p. 5, ¶ 9. The Agreement further states that "[a]ny notices required or permitted . . . shall be made by email and/or U.S. Mail to the addressee . . .

> If to Duncan:
> Dedric Duncan
> 2412 Second Avenue, N
> Apt 5
> Birmingham, Al 35203
> dedricisduncan@gmail.com
> With a copy to:
> Michael J. Lober
> 3150 Overland Drive
> Roswell, GA 30075
> mjlober@lddlawyers.com

Id., pp. 7–8, ¶ 14.

Easybit's remedy upon an Event of Default (the "Remedy upon Default") is set forth in the Settlement Agreement:

> Upon an Event of Default, Duncan shall immediately owe and be liable to EasyBit for the total sum of $100,000.00 (which is substantially less than the amount of damages that EasyBit seeks to recover in the [Prior] Action) minus whatever portion of the

> Settlement Payment Duncan has paid up to the date of the Event of Default (the "Remaining Balance"). Upon his execution of this Agreement, Duncan shall also execute a Consent Judgment, in the form attached hereto as Exhibit "D," which entitles EasyBit, upon an Event of Default, to a judgment against Duncan for the Remaining Balance, plus its attorneys' fees and costs to have the Consent Judgment filed and entered. The Consent Judgment shall be enforced in the United States District Court for the Northern District of Georgia.

Doc. No. [8-2], p. 6, ¶ 10.

Duncan paid the first four Installments in a timely manner, but thereafter has repeatedly failed to do so. Doc. No. [8-4], ¶ 7. Duncan missed the deadline for the May 1, 2017 Installment. Id. ¶ 8. After not receiving this payment during business hours on May 1, 2017, Easybit's founder and chairman, Michael J. Dupree, Jr., sent Duncan a written notice of default (the "May 1 Notice of Default"). Id. ¶ 9; Doc. No. [8-5], ¶ 2. The notice states that it was sent via e-mail to Dedric Duncan at dedricisduncan@gmail.com and Michael J. Lober at mjlober@lddlawyers.com. Doc. No. [8-5], pp. 8–9. In his declaration, Mr. Dupree states that approximately two hours after he sent the notice, he received an email from Attorney Blake Liveoak. Id. at p. 5, ¶ 10. Attorney Liveoak's email stated that: "[i]n the future, please forward all correspondence as well as any documents that are field with the Court in regards to the settlement with Dedric

4

Duncan to me." Doc. No. [8-5], p. 11. (The parties disagree as to whether Attorney Liveoak's email constitutes an acknowledgment of receipt of the notice of default by Defendant Duncan's counsel.)

The seven-day cure period set forth in the Settlement Agreement expired on May 8, 2017, or, since Plaintiff sent the May 1 Notice of Default after business hours, at the latest on May 9, 2017. Doc. No. [8-4], p. 4, ¶ 11. An Event of Default occurred because Defendant Duncan failed to pay the May 1 Installment by the close of business on May 9, 2017. Id. ¶ 12.

Defendant Duncan avers in his affidavit that he made the payment at issue on May 10, 2017 and cites to Exhibit 1; however, there is no evidence attached to Defendant Duncan's Exhibit 1. Doc. No. [13-1], pp. 3, 5. Plaintiff states that the the wire transfer record for the May 2017 payment (which Defendant Duncan has not contested) establishes that it was not made until May 11, 2017. Doc. No. [20], p. 2, n.1 (citing Doc. No. [8-6], p. 3, ¶ 6 and p. 9).[3]

---

[3] According to Plaintiff, whether the payment was on May 10 or May 11, 2017 does not matter since the seven-day cure period expired no later than May 9, 2017 and the Settlement Agreement cautions in Section 3 that "[e]ach of the Installments shall be made by the prescribed date, time being of the essence as to those dates and specific Installments." Doc. No. [2-], 2, n.1; Doc. No. [8-2], p. 4, ¶ 3.

5

Defendant Duncan has paid Thirteen Thousand Dollars ($13,000) to Plaintiff Easybit under the Settlement Agreement, including the May Installment. Doc. No. [8-4], ¶ 14.

Under the Settlement Agreement and the Final Consent Order and Judgment, Defendant Duncan "is also liable to Plaintiff for the costs of collection, including reasonable attorneys' fees, associated with exercise of Plaintiff's Remedy upon Default. Id. ¶ 15.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]

---

[4] On December 1, 2010, an amended version of Rule 56 of the Federal Rules of Civil Procedure became effective. The amendments to Rule 56 "are intended to improve the procedures for presenting and deciding summary-judgment motions" and "are not intended to change the summary-judgment standard or burdens." Committee on Rules of Practice and Procedure, Report of the Judicial Conference, p. 14 (Sept. 2009). Farmers Ins. Exchange v. RNK, Inc., 632 F.3d 777, 782 n.4 (1st Cir. 2011). "[B]ecause the summary judgment standard remains the same, the amendments 'will not affect continuing development of the decisional law construing and applying' the standard now articulated in Rule 56(a). Adv. Comm. Notes to Fed. R. Civ. P. 56 (2010 Amends.). Accordingly, while the Court is bound to apply the new version of Rule 56, the undersigned will, where appropriate, continue to cite to decisional law construing and applying prior versions of the Rule." Murray v. Ingram, No. 3:10-CV-348-MEF, 2011 WL 671604, *2 (M.D. Ala. Feb. 3, 2011), *adopted by* Murray v. Ingram, No. 3:10-CV-348-MEF, 2011 WL 686203 (M.D. Ala. Feb. 18, 2011).

A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific

(Rev.8/82)

facts showing a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). All reasonable doubts should be resolved in the favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine [dispute] for trial." Id. (citations omitted).

### III. ANALYSIS

In its motion, Plaintiff Wah Sing argues that Defendant Duncan is liable to it for breach of contract as a matter of law. Doc. No. [8-1], p. 8.

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." UWork.com, Inc. v. Paragon Techs., Inc., 321 Ga. App. 584, 590, 740 S.E.2d 887, 893 (2013) (citations omitted). "A breach occurs if a contracting party repudiates or renounces liability under the contract; fails to perform the engagement as specified in the contract; or does some act that renders performance impossible." Id.

After review, the Court finds that Plaintiff has met its initial burden of showing the court, by reference to materials in the record, that there is no

genuine dispute as to any material fact that should be decided at trial, as Plaintiff has shown that Defendant Duncan failed to perform as specified in the contract by missing the May 1, 2017 installment payment deadline and failing to cure by May 9, 2017 after Plaintiff sent written notice of the default. There is also no genuine dispute as to the amount of damages.

In response to Plaintiff's motion and evidence, Defendant Duncan has not met his burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. The Court notes that Defendant Duncan attempts to argue that Plaintiff did not adhere to the default notice requirements of the Settlement Agreement, because his attorney never received notice of the default. Doc. No. [13], p. 5. Defendant Duncan states that the evidence shows that written notice of default was sent to Attorney Lober and not Attorney Liveoak. Id.

After review, Defendant Duncan's argument fails because there is nothing to show that Defendant Duncan notified Plaintiff of his change of counsel prior to the written notice of default being sent by Mr. Dupree. As stated above, the Settlement Agreement provided that written notice of the default was to be sent to Mr. Duncan with a copy to his counsel. Doc. No. [8-2], p. 5, ¶ 9. The

Agreement also specified the name of the person/counsel who was to receive the copy as Michael J. Lober. Doc. No. [8-2], p. 8. Plaintiff's evidence shows that its notice of default complied with the exact terms of the Settlement Agreement.

Defendant Duncan also asserts a violation of the Confidentiality paragraph of the Settlement Agreement (¶ 28) by having someone who is not a party to this matter (i.e., Mr. Dupree, Plaintiff's founder and chairman (Doc. No. [8-5], ¶ 2)) provide Defendant Duncan with notice of default. Doc. No. [13], p. 4, ¶ 8. After review, the Court is unable to uphold this argument, as the plain language of the Settlement Agreement provides an exception to the confidentiality terms for purposes of enforcing the agreement. Doc. No. [8-1], p. 10, ¶ 28.

## IV. CONCLUSION

Plaintiff's Motion for Summary Judgment (Doc. No. [8]) is hereby **GRANTED**. The Consent Judgment at Doc. No. [8-3] is made the order of the Court and will be entered by separate docket entry.[5] The Clerk is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED**, this 3rd day of January, 2018.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff **SHALL** file a motion for reasonable attorney's fees within thirty days of the entry of this Order.

10